Johnson, Justice.
[Dissenting.) — As I understand the decision just delivered, it affirms a principle to which I certainly cannot yield my assent. As the will charges the real estate, as well with the maintenance and education of the children, as the payment of debts, and there does not appear to have been, at any time, in the administrator’s hands, a sum sufficient to pay off his whole debt, I am satisfied, that it is not a case of extinguishment; and that the payments made to the maintenance and education of the children, and the satisfaction of debts of an inferior order, are not to be imputed to the administrator as payments upon his own bond. They were voluntary payments, it is true, but they were made in pursuance of the will. Bufas to all other sums arising out of the personalty, and which were not applied to either of those purposes, but in fact sunk and wasted in the administrator’s hands, I am clearly of the opinion, that they are to be imputed to him as payments on his own bond ; and that, pro tanto, he could not be permitted to apply the px-oceeds of th« real estate to the satisfaction of his debt; it was, ixx fact, a repayment on a debt which he knew to be satisfied. And as to the amount paid, respectively, to the maintenance and education of the children, having an interest in the px-oceeds of the realty ; I have no idea, that they can be permitted to come upon the sureties of the administrator, for the amoxxnt so paid on their account. Indeed, upon the whole, it appears to me, to be one of those cases of common misfortune in which the court ought to leave the parties as it finds them. If the personal assets were, in fact, in existence, it would be a different case ; and there might be an equity in the heirs, now to !|!come upon the assets for indemnity ; „. supposing that they might originally have compelled the administrator *- to apply the personalty in relief of the real estate ; but when the assets are *204 in fact wasted, I cannot conceive that a court of equity would ever compel the sureties to pay up the administration bond for the relief of the heirs. Their liability is legally confined to the demands of creditors and distributees alone ; and I can see no equity in subjecting them, directly or indirectly, to the general equity of the heirs, in stretching that liability beyond its strict legal limits.
Baldwin, Justice, also dissented from the judgment and opinion of the court.
This cause came on to be heard, on the transcript of the record from the circuit court of the United States for the eastern district of Virginia, and on the points and questions on which the judges of the said circuit court ■were opposed in opinion, and which were certified to this court for its opinion, in pursuance of the act of congress for that purpose made and provided ; and was argued by counsel: On consideration whereof, it is the opinion of this court, that the debt of Patton, or such portion of it as was paid out of the proceeds of .the sale of the real estate, should be credited to that fund, and not to his account of the administration fund. Whereupon, it is ordered and adjudged by this court, that it be certified to the judges of the said circuit court, that the debt of Patton, or such portion of it as was paid out of the proceeds of the sale of the real estate, should be credited to that fund, and not to his account of the administration fund.